Kevin A. Michael, WSBA No. 36976
Kristen Furman, WSBA No. 57448
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Email:   kmichael@cozen.com
         kfurman@cozen.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QBE SPECIALTY INSURANCE COMPANY, a North Dakota corporation,<br><br>Plaintiff,<br><br>v.<br><br>ESCROW SERVICES OF WASHINGTON, LLC., a Washington limited liability company; AURORA LYNN RIVERA, an individual,<br><br>Defendants. | Case No.:<br><br>**QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF** |

Plaintiff QBE Specialty Insurance Company ("QBE"), by and through its undersigned attorneys, for its Complaint for Rescission and Declaratory Relief against Defendants Escrow Services of Washington, LLC ("Escrow Services") and Aurora Lynn Rivera (Escrow Services and Ms. Rivera are collectively referred to herein as "Defendants"), alleges as follows:

**I. INTRODUCTION AND NATURE OF THE ACTION**

1.  This is an insurance coverage action seeking: (1) a declaration that the professional liability insurance policy issued to Defendants never became effective based on non-payment of premiums, (2) if the Policy was somehow effective, it should be rescinded on the grounds of material misrepresentations made during the application for such coverage;

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

and/or (3) a declaration that QBE has no duty to defend or indemnify Defendants with respect to a lawsuit brought against Defendants in King County Superior Court, styled *Tang Real Estate Investments Corp. v. Escrow Services of Wash. et al.*, Case No. 21-2-15612-2 SEA (the "Tang Lawsuit").

2. QBE issued Title Agents, Abstractors and Escrow Agents Professional Liability Insurance Policy No. STA-10595-02 to Escrow Services of Washington (the "QBE Policy").

3. However, Defendants never paid any of the premium for the QBE Policy.

4. Because Defendants never paid any premium for the QBE Policy, the QBE Policy never became effective.

5. Notwithstanding the foregoing, Defendants seek coverage from QBE for the Tang Lawsuit in connection with allegations that Defendants misappropriated escrow funds and/or otherwise failed to follow Tang Real Estate's escrow/closing instructions. Ms. Rivera has admitted under penalty of perjury that she indeed misappropriated client funds and used those funds to pay a ransom for a friend allegedly being held by a kidnapper in Turkey. That payment was made on or about September 15, 2021.

6. Ms. Rivera initially submitted an application for the QBE Policy on or about September 7, 2021. She thereafter signed a declaration on October 8, 2021, certifying there had been no material changes between her initial application and October 8, 2021, despite the fact that in the interim, Ms. Rivera had misappropriated client funds and transmitted the alleged ransom payment to Turkey.

7. Based upon the representations in the application and a subsequent declaration, and unaware of the ransom payment, QBE issued the QBE Policy.

8. Thereafter, despite numerous follow-ups, Defendants failed to pay the premium for the Policy, which was ultimately cancelled.

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

9. As set forth below, QBE seeks a declaration that the QBE Policy never became effective and therefore provides no coverage for the Tang Lawsuit.

10. In the alternative, if the QBE Policy was effective at the time the Tang Lawsuit was filed, QBE seeks rescission of the QBE Policy on the basis of material misrepresentations in the application process.

11. To the extent the QBE Policy is both effective and not rescinded, QBE seeks a declaration that QBE has no duty to defend or indemnify Defendants in the Tang Lawsuit, as numerous exclusions preclude coverage.

## II. THE PARTIES

12. QBE Specialty Insurance Company is a domestic insurer incorporated in North Dakota and having its principal place of business in New York. At all times relevant hereto, QBE was and is authorized to do business in the State of Washington.

13. Upon information and belief, Defendant Escrow Services of Washington is a Washington limited liability company, with its principal place of business in Newcastle, Washington. Escrow Services is engaged in the business of providing escrow and closing services to its clients.

14. Upon information and belief, Defendant Aurora Lynn Rivera is a resident of the State of Washington. Ms. Rivera is the sole owner and operator of Escrow Services.

## III. JURISDICTION

15. This Court has jurisdiction by virtue of 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendants are residents of this judicial district and a substantial part of the events giving rise to this action occurred in this district.

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201(a), this Court has the power to declare all rights, duties, and obligations under an insurance policy, whether or not further relief is or could be sought.

18. An actual and justiciable controversy exists between QBE and Defendants within the meaning of 28 U.S.C. § 2201 regarding whether the QBE Policy 1) ever became effective, 2) should be rescinded and/or 3) whether QBE has a duty to defend or indemnify Defendants under the QBE Policy.

## IV. FACTS

**A. Escrow Services.**

19. Escrow Services is an escrow company licensed under Washington law by the Department of Financial Institutions ("DFI"). Aurora Lynn Rivera is the sole owner, operator, and employee of Escrow Services.

20. Defendants perform escrow services for, among other things, real estate transactions, including holding and distributing client funds.

**B. Defendants Make Material Misrepresentations While Applying for the QBE Policy, Then Fail to Pay the Premium.**

21. Notwithstanding the fact that Defendants never paid the premium for the QBE Policy and, therefore, the QBE Policy never became effective, QBE nonetheless discusses the negotiation and placement of the QBE Policy, which Defendants procured via misrepresentation.

22. Defendants initially obtained insurance coverage from QBE for the 2020-21 policy period under Policy No. STA-10595-01.

23. Defendants sought to renew their insurance coverage for the 2021-22 policy period.

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

24. On or about September 7, 2021, Ms. Rivera completed a Title and Escrow Agents Bond Application" (the "Application"). The Application is attached hereto as **Exhibit A** and incorporated by reference herein.

25. Question 33 on the Application asked: "Do you act only in accordance with written escrow instructions?"

26. Defendants responded to Question 33 by marking "yes."

27. Question 41 on the Application asked: "Is the Applicant aware of any fraudulent or dishonest act of any Named Insured (including past or present owners, officers, and employees) proposed for coverage?"

28. Defendants responded to Question 41 by marking "no."

29. Question 44 on the Application asked: "Is the Applicant aware of any circumstances, alleged errors or omissions, or of any offenses which may reasonably be expected to result in a claim being made against the persons or entities described above?"

30. Defendants responded to Question 44 by marking "no."

31. The Application states in bold font:

**It is agreed with respect to questions 41.-46. above, that if such knowledge or information exists, any claim or action arising therefrom is excluded from this proposed policy.**

32. Ms. Rivera signed the Application on behalf of Defendants.

33. Based on the representations in the Application, QBE agreed to renew the QBE Policy.

34. QBE, via its underwriting agent, Stateside Underwriting Agency ("Stateside"), issued an insurance binder on October 1, 2021 confirming the material terms of the QBE Policy (the "Binder"). The Binder is attached hereto as **Exhibit B** and incorporated by reference herein.

35. The Binder sets forth various additional requirements (known as "subjectivities") in order for the QBE Policy to come into force, including a requirement that

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

Defendants submit a signed "No Claims Declaration" or "NCD" letter confirming that there were no material changes in risk between the time Defendants first submitted the Application on September 7, 2021 and the formal issuance of the QBE Policy.

36. QBE would not have issued the QBE Policy unless and until the various subjectivities set forth in the Binder were complied with.

37. On October 8, 2021, Ms. Rivera signed the declaration form attesting that: "after inquiry, there have been no claims or circumstances, changes, modifications, alterations or additions to any of the facts or information as set out in the Insured's answers in the Application." (the "NCD Letter").  The NCD Letter is attached hereto as **Exhibit C** and incorporated by reference herein.

38. Defendants did not alter the answers to Questions 41 or 44 (or any other question) of the Application.

39. Based on the Application and NCD Letter, QBE formally issued the QBE Policy.

40. The Binder issued to Defendants on October 1, 2021 indicated that the premium was due by no later than October 16, 2021.

41. The Binder stated:

THIS BINDER IS SUBJECT TO PAYMENT IN FULL BY October 16, 2021, AND MAY BE CANCELED AB INITIO BY UNDERWRITERS AT ANY TIME AFTER October 16, 2021, FOR NON-PAYMENT.

42. An invoice was issued to Defendants on October 1, 2021 indicating that payment was due by October 16, 2021 in order for the QBE Policy to be effective.

43. The invoice itself also stated: "Underwriters may cancel ab initio at any time after October 16, 2021 for non-payment."

44. Having not received payment, Stateside followed up on December 29, 2021 seeking payment of the premiums.

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

45.     Having still not received payment, Stateside issued Notices of Cancellation to Defendants on January 27, 2022 indicating that if the premium was not paid in full by February 5, 2022, the QBE Policy would be cancelled "flat."

46.     Despite follow-ups leading up to the January 27th Notices of Cancellation, Defendants never paid the premium, or any portion thereof.

47.     Accordingly, the QBE Policy was never effective and Defendants' potential coverage ceased on September 23, 2021 when their prior policy expired.

C.      **The Ransom Payment and the DFI Investigation.**

48.     On information and belief, starting in November 2021, DFI began receiving consumer complaints regarding Defendants, which complaints alleged that Defendants either completely failed to distribute funds held in escrow or distributed funds via a non-sufficient funds check.

49.     DFI thereafter initiated an investigation into Defendants' conduct, which resulted in the issuance of a Temporary Order to Cease and Desist being issued on November 18, 2021.  The Temporary Order to Cease and Desist is attached hereto as **Exhibit D** and incorporated by reference herein.

50.     DFI's investigation revealed that on or about September 15, 2021, Ms. Rivera sent a $3.5 million wire transfer to an unknown person or entity in Turkey to assist a friend who had purportedly been kidnapped (hereinafter, the "Ransom Payment").

51.     The $3.5 million Ransom Payment consisted of nearly $2 million in client funds misappropriated from Defendants' IOLTA trust account.

52.     None of the nearly $2 million in funds transferred from Defendants' IOLTA trust account were transferred pursuant to written escrow instructions.

53.     In October 2021, after Defendants failed to perform their duties to close transactions and transfer funds held in escrow, Ms. Rivera advised her clients that her bank account had been hacked.

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

54. Ms. Rivera's statement to clients was false, as her bank account had not been hacked.

55. Ms. Rivera, acting on behalf of Defendants, filed a complaint with the Federal Bureau of Investigation's ("FBI") Internet Crime Complaint Center in which she alleged she had been subject to an extortion scheme that resulted in her making the Ransom Payment (the "FBI Complaint").

56. Ms. Rivera digitally signed the FBI Complaint as true and accurate under penalty of perjury.

57. On or about November 10, 2021, Ms. Rivera sent an email to some of Defendants' clients admitting she had not been truthful. Ms. Rivera attached a copy of the FBI Complaint to her email to clients.

58. On January 18, 2022, DFI issued a "Statement of Charges and Notice of Intent to Enter and Order to Cease and Desist, Take Affirmative Action, Revoke Licenses, Prohibit from Industry, Order Restitution, Impose Fine, and Collect Examination and Investigation Costs (the "Statement of Charges").

59. Defendants did not defend the allegations set forth in the Statement of Charges.

60. On February 25, 2022, DFI issued its Final Order, which adopted the Temporary Order to Cease and Desist and the Statement of Charges (the "Final Order"). The Final Order is attached hereto as **Exhibit E** and incorporated by reference herein.

61. The Final Order permanently revoked the licenses of Escrow Services of Washington and Ms. Rivera.

62. The Final Order concludes that Defendants misappropriated $1,968,869.50 and ordered Defendants to pay restitution in that amount.

63. Defendants' response to Question 41 on the Application, as later affirmed in the NCD Letter, was false, as Defendants had committed a fraudulent or dishonest act by no later than September 15, 2021 and failed to disclose the same to QBE.

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

64. Defendants' response to Question 44 on the Application, as later affirmed in the NCD Letter, was false, as Defendants were aware of circumstances which would reasonably be expected to result in a claim and failed to disclose the same to QBE.

**D.    The Tang Lawsuit.**

65. On November 24, 2021, Tang Real Estate filed the Tang Lawsuit against Defendants. The Tang Lawsuit is attached hereto as **Exhibit F** and incorporated by reference herein.

66. The Tang Lawsuit alleges that on at least five separate occasions, Defendants failed to transfer funds belonging to Tang Real Estate and/or otherwise failed to follow closing and escrow instructions.

67. Paragraph 3.10 of the Tang Lawsuit alleges: "Escrow Services of Washington—specifically Rivera—has failed to follow Tang Real Estate's instruction to transfer the $30,000 of earnest money regarding the transaction for real property located at 309 NW 89th Street. . . ."

68. Paragraph 3.11 of the Tang Lawsuit alleges: "Escrow Services of Washington—specifically Rivera—has failed to follow Tang Real Estate's instruction to transfer the $30,000 of earnest money regarding the transaction for real property located at 343 NW 90th Street. . . ."

69. Paragraph 3.12 of the Tang Lawsuit alleges: "Escrow Services of Washington—specifically Rivera—has failed to follow Tang Real Estate's instruction to transfer the $5,000 of earnest money regarding the transaction for real property located at 344 NW 86th Street. . . ."

70. Paragraph 3.13 of the Tang Lawsuit alleges: "Escrow Services of Washington—specifically Rivera—has failed to follow the detailed closing/escrow instructions regarding the refinanced loan for 3226 102nd Place SE."

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

71. Paragraph 3.14 of the Tang Lawsuit alleges: "Escrow Services of Washington—specifically Rivera—has failed to follow the detailed closing/escrow instructions regarding the new LendingHome loan for 8329 44th Avenue S."

72. Paragraphs 3.15 and 3.16 of the Tang Lawsuit allege: "Escrow Services of Washington—specifically Rivera—has made numerous promises and representations to Tang Real Estate that Escrow Services of Washington will follow the instructions of Tang Real Estate and/or detailed closing/escrow instructions that same day" yet Defendants "failed to comply with the instructions of Tang Real Estate and/or detailed closing/escrow instructions."

73. After the filing of the Tang Lawsuit, QBE claims professional Gina Hockman spoke with Ms. Rivera on the telephone and Ms. Rivera admitted to misappropriating client funds for use in the Ransom Payment.

E. **The QBE Policy**.

74. QBE initially issued Title Agents, Abstractors and Escrow Agents Professional Liability Insurance Policy No. STA-10595-02 to Escrow Services, with a stated policy period of September 23, 2021 to September 23, 2022.

75. As set forth above, the QBE Policy has been cancelled for non-payment of premium.

76. Defendants never paid any premium for the 2021-22 Policy.

77. Had the QBE Policy been effective, it had stated limits of $500,000 per Claim and in the aggregate. The QBE Policy contains a $5,000 deductible, per Claim. The QBE Policy is written on a claims-made-and-reported basis. While QBE contends the QBE Policy was never effective, attached hereto as **Exhibit G** and incorporated by reference herein is the QBE Policy that was initially issued.

78. The QBE Policy contained the following preamble:

> In consideration of payment of the premium, and in reliance on the statements made in the Application and its attachments and any materials submitted therewith, all of which are made part hereof, and subject to the Declarations and all the terms and

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF - 10

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

conditions of this Policy, including any endorsement hereto, the Insurer agrees with the Named Insured as follows:

79. The QBE Policy contained the following "Insuring Agreement":

**I.    INSURING AGREEMENT**

The Insurer shall pay on behalf of an **Insured** those sums in excess of the deductible that the **Insured** becomes legally obligated to pay as **Damages** and **Claims Expenses** as a result of a **Claim** first made against the **Insured** and reported to the Insurer in writing during the **Policy Period** or Extended Reporting Period by reason of a **Wrongful Act** in the performance of or failure to perform **Professional Services** by the **Insured** or by any other person or entity for whom the **Insured** is legally liable. The **Wrongful Acts** must have been committed on or subsequent to the **Retroactive Date** specified in the Declarations and before the end of the **Policy Period**.

80. The QBE Policy contained the following exclusion, referred to herein as the "Foreseeable Claim Exclusion":

This Policy does not apply to any **Claim** against the **Insured**:

A.    based on, arising out of or resulting from:

1. a **Professional Service** performed and those services that should have been performed or were omitted prior to the effective date of the Policy if any **Insured** knew or could have reasonably foreseen that the **Professional Service** could give rise to a **Claim**

81. The QBE Policy contained the following exclusion, referred to herein as the "Breach of Contract Exclusion":

This Policy does not apply to any **Claim** against the **Insured**:

***

C.    based on, arising out of or resulting from any actual or alleged liability assumed by an Insured under any contract or agreement, unless such liability would have attached to an Insured even in the absence of such contract

82. The QBE Policy contained the following exclusion, referred to herein as the "Intentional Acts Exclusion":

This Policy does not apply to any **Claim** against the **Insured**:

***

F.    based on, arising out of or resulting from:

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 11

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

       1. any act committed with knowledge of its wrongful nature or with the intent to cause damage

83. The QBE Policy contained the following exclusion, referred to herein as the "Ill-Gotten Gains Exclusion":

This Policy does not apply to any **Claim** against the **Insured**:

\*\*\*

  F.  based on, arising out of or resulting from:

\*\*\*

    2. the gaining by an **Insured** of any personal profit, gain or advantage to which an **Insured** is not legally entitled

84. The QBE Policy contained the following exclusion, referred to herein as the "Dishonest Acts Exclusion":

This Policy does not apply to any **Claim** against the **Insured**:

\*\*\*

  F.  based on, arising out of or resulting from:

\*\*\*

    4. any criminal, fraudulent, or dishonest act. However, the Insurer shall defend such allegations against the **Insured** if it involves a **Claim** otherwise covered under the Policy until final adjudication and the coverage otherwise afforded by this Policy shall continue to apply to the **Named Insured** and to any individual **Insured** who neither committed, personally knew of or acquiesced in such conduct

85. The QBE Policy contained the following exclusion, referred to herein as the "Escrow Instructions Exclusion":

This Policy does not apply to any **Claim** against the **Insured**:

\*\*\*

  L.  based on, arising out of or resulting from any actual or alleged willful or intentional failure to comply with escrow instructions or underwriting or binding authority. However, the Insurer shall defend such allegations against the **Insured** if the **Claim** is otherwise covered under the policy until final adjudication

86. The QBE Policy contained the following exclusion, referred to herein as the "Commingling Exclusion":

**QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF** - 12

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

This Policy does not apply to any **Claim** against the **Insured**:

***

O.   based on, arising out of or resulting from the intentional or willful commingling of any funds held by any **Insured**

87.   The QBE Policy also contained the following provision related to representations in the Application:

F.   Representations

By accepting this Policy, the **Named Insured** agrees that:

1. the statements in the applications are accurate and complete;

2. those statements are material representations the **Named Insured** made to the Insurer; and

3. the Insurer have issued this Policy in reliance upon the **Named Insured**'s representations.

F.   **QBE Is Currently Providing a Defense to the Defendants.**

88.   Notwithstanding the fact that the QBE Policy does not provide coverage for the Tang Lawsuit, QBE has nonetheless, in an abundance of good faith, accepted the defense of Defendants and is funding their ongoing defense.

89.   QBE's defense is subject to a full reservation of rights (the "ROR Letter"). The ROR Letter is attached hereto as **Exhibit H** and incorporated by reference herein.

90.   QBE issued a supplemental reservation of rights letter (the "Supplemental ROR") discussing the cancellation of the QBE Policy. The Supplemental ROR is attached hereto as **Exhibit I** and incorporated by reference herein.

91.   The ROR Letter specifically reserves QBE's right to initiate a declaratory judgment action to determine whether QBE has a duty to defend and/or indemnify Defendants for the Tang Lawsuit.

92.   The ROR Letter specifically reserves QBE's right to raise the exclusions identified in Paragraphs 80-86 above.

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 13

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

93. The ROR Letter specifically advises that QBE has concluded that Defendants committed material misrepresentations and the QBE Policy is therefore subject to rescission.

94. The ROR Letter notes that Defendants never paid any premium for the QBE Policy and, accordingly, QBE has no premium to refund as the required prerequisite for a rescission action.

95. The Supplemental ROR specifically advises that QBE believes the QBE Policy was never effective.

## V.  COUNT I: DECLARATION THAT QBE POLICY WAS CANCELLED *AB INITIO*

96. QBE hereby incorporates and re-alleges the allegations in Paragraphs 1-95 as if fully set forth herein.

97. Defendants never paid any of the premium for the QBE Policy.

98. Under the language of the binder, QBE had the right to cancel the QBE Policy *ab initio*.

99. Under the language of the invoices, QBE had the right to cancel the QBE Policy *ab initio*.

100. Under the language of the QBE Policy itself, QBE's obligations would only become effective "in consideration of the payment of the premium," which did not occur.

101. Under the language of the Binder, the invoices, the QBE Policy, and Washington law, QBE properly cancelled the QBE Policy *ab initio*.

102. The Tang Real Lawsuit was filed on November 24, 2021, which is after QBE's coverage for Defendants had expired.

103. Accordingly, QBE seeks a declaration confirming that the QBE Policy provides no coverage for the Tang Lawsuit on the basis that the QBE Policy was not in effect when the claim was first made and reported.

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 14

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

## VI.     COUNT II: RESCISSION OF THE QBE POLICY

104.    QBE hereby incorporates and re-alleges the allegations in Paragraphs 1-103 as if fully set forth herein.

105.    Defendants did not disclose to QBE the circumstances surrounding the Ransom Payment, including but not limited to, the fact that Ms. Rivera had been approached to make the Ransom Payment, that Ms. Rivera had made the Ransom Payment, and that Defendants used client funds to make a portion of the Ransom Payment.

106.    At the time Defendants signed the September 7, 2021 Application and/or the October 8, 2021 NCD Letter, Defendants were aware of a "fraudulent or dishonest act," but did not disclose or otherwise advise of the same in violation of Question 41 of the Application.

107.    At the time Defendants signed the September 7, 2021 Application and/or the October 8, 2021 NCD Letter, Defendants were aware of a "circumstance . . . which may reasonably be expected to result in a claim," but did not disclose or otherwise advise of the same in violation of Question 44 of the Application.

108.    There are other sections/questions in the Application that may also prove to be untruthful.  QBE reserves the right to assert additional bases for misrepresentation in the Application.

109.    In reliance on the Application and subsequent NCD Letter, and upon Defendants' statements and representations therein, QBE issued the QBE Policy to Defendants.

110.    Defendants' statements in the Application and the NCD Letter constitute "oral or written misrepresentations . . . in the negotiation of an insurance contract" as used in RCW 48.18.090.

111.    Defendants represented as truthful certain information during the negotiation of the insurance contract; 2) those representations were untruthful and/or misrepresentations;

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 15

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

3) the misrepresentations were material to QBE's decision to continue providing coverage to Defendants; and 4) the misrepresentations were made with intent to deceive.

112. Defendants' statements in the Application and the NCD Letter also violate the QBE Policy's "Representation" provision.

113. Accordingly, QBE seeks rescission of the QBE Policy in accordance with Washington law.

## VII.   COUNT III:  DECLARATION OF NO DUTY TO DEFEND OR INDEMNIFY

114. QBE hereby incorporates and re-alleges the allegations in Paragraphs 1-113 as if fully set forth herein.

115. An actual and justiciable controversy exists between QBE and Defendants regarding the scope of coverage under the QBE Policy's terms and applicable law.

116. One or more of the 1) Foreseeable Claims Exclusion; 2) Breach of Contract Exclusion; 3) Intentional Acts Exclusion; 4) Ill-Gotten Gains Exclusion; 5) Dishonest Acts Exclusion; 6) Escrow Instructions Exclusion; and/or 7) Commingling Exclusion preclude coverage for the Tang Lawsuit and/or any other lawsuit arising out of the Ransom Payment and, accordingly, QBE has no duty to defend or indemnify Defendants.

117. Defendants materially breached the "Representations" provision of the QBE Policy, thereby voiding coverage for the Tang Lawsuit.

118. There are other policy provisions that may apply.  QBE reserves the right to assert additional bases for declaratory judgment under the attached QBE Policy.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff QBE Specialty Insurance Company respectfully requests:

1. An order confirming that the QBE Policy was not effective when the Tang Lawsuit was first filed; and/or

2. An order granting rescission of the QBE Policy; and/or

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF - 16

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481

3. A declaration that QBE has no duty to defend, indemnify, or otherwise pay Defendants in connection with the Tang Lawsuit and/or any other claim or lawsuit asserted against Defendants arising out of the Ransom Payment;

4. A declaration that QBE may withdraw from providing Defendants with a defense in the Tang Lawsuit;

5. A declaration otherwise establishing QBE's duties and responsibilities under the QBE Policy;

6. For all costs, attorneys' fees, and disbursements;

7. For all other costs and fees as permitted by law; and

8. For such other and further relief that this Court may deem just and proper.

DATED this _____ day of May, 2022.

COZEN O'CONNOR

By   *s/ Kevin A. Michael*
Kevin A. Michael, WSBA No. 36976
Kristen Furman, WSBA No. 57448
kmichael@cozen.com
kfurman@cozen.com

COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Attorneys for Plaintiff QBE Specialty Insurance

QBE SPECIALTY'S COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF - 17

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

LEGAL\56383317\3 0584611/00537481