THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QBE SPECIALTY INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>            v.<br><br>ESCROW SERVICES OF WASHINGTON, LLC, *et al.*,<br><br>                    Defendants. | CASE NO. C22-0630-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On August 11, 2022, the Court entered an order to show cause (Dkt. No. 7) why this action should not be dismissed for failure to provide the Court with an affidavit of service within the 90-day time limit and/or properly plead the Court's subject matter jurisdiction.

First, the Federal Rules require a plaintiff to serve a defendant with a summons and a copy of the plaintiff's complaint within 90 days of filing the complaint but allow for an extension of time if the plaintiff shows good cause for failure to serve. Fed. R. Civ. P. 4. In response to the Court's order, Plaintiff explains that it has been unable to serve Defendants, despite reasonable diligence, and Plaintiff provides evidence supporting this contention. (*See* Dkt. Nos. 8 at 1–4, 9 at 2.) The Court, therefore, FINDS good cause to extend the time for service.

Second, according to this Court's Local Rules, in diversity cases, "the complaint must

MINUTE ORDER, C22-0630-JCC
PAGE - 1

identify the citizenship of the parties, and, if any of the parties is a limited liability corporation . . . identify the citizenship of the owners/partners/ members of those entities to establish the Court's jurisdiction." LCR 8(a) (cleaned up). And Citizenship is determined by a defendant's state of domicile, rather than state of residence. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). The Amended Complaint's jurisdictional allegations refer to Defendants' *residence*, (*see* Dkt. No. 6 at 3–4), which are insufficient to plead diversity of citizenship. However, such a defect can be cured by amendment. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). The Court, therefore, FINDS good cause to grant Plaintiff leave to file a Second Amended Complaint, so long as the new allegations are limited to those supporting this Court's subject matter jurisdiction.

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's Rule 4(m) time limit is extended to 21 days beyond the date of this Order; and
2. Plaintiff may file a Second Amended Complaint addressing the jurisdictional defects described above within 21 days of this Order.

DATED this 24th day of August 2022.

Ravi Subramanian
Clerk of Court

s/Sandra Rawski
Deputy Clerk
